Jack F. Bourne, etc. et al., Plaintiffs-Appellees, v. Lloyd M. Johnson, etc. et al., Defendants-Appellants. Thomas F. Taplin, etc. et al., Intervenors-Defendants-Appellants.

Gen. No. 49,700.

First District, Second Division.

February 8, 1966.

Rehearing denied and opinion modified March 24, 1966.

Raymond F. Simon and John C. Melaniphy, Corporation Counsel, of Chicago (Sydney R. Drebin, Allen Hartman

and Dominick Dolci, Assistant Corporation Counsel, of counsel), and Thomas D. Nash, Jr., of Chicago, for certain appellants.

Michael F. Ryan, of Chicago, for appellees.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This appeal comes from a judgment order entered in the Circuit Court of Cook County, January 31, 1964. The action was tried before the court sitting without a jury upon a stipulation of facts.

It was agreed that certain named plaintiffs were all employed as linemen in the classified civil service of the Department of Streets and Sanitation of the City of Chicago, having been certified to their respective positions on the following dates:

| Name | Date of Certification |
| --- | --- |
| Jack F. Bourne | July 20, 1953 |
| Robert Johnson | June 16, 1948 |
| Angelo Zangeri | January 28, 1952 |
| William F. Nolan | July 27, 1953 |
| Charles Elliott | July 3, 1953 |
| John J. Burke | Sept. 4, 1951 |
| Michael Pembrook | June 16, 1948 |
| John Lanigan | August 24, 1951 |

It was further agreed that certain other named plaintiffs were all certified and appointed as civil service linemen in the year 1953, but were not presently working as linemen, having been laid off from said position for alleged lack of work; that their names had been placed on the reinstatement list for the position of lineman pursuant to the rules of the Civil Service Commission of the City of Chicago. Other named plaintiffs were laid off from their respective positions as linemen on May 15, 1963, for alleged lack of work.

The positions of both lineman and foreman of linemen are positions in the classified civil service of the City of Chicago. The position of lineman is in the next lower rank or grade to that of foreman of linemen, and the position of foreman of linemen is a promotional position from that of lineman. The plaintiffs below claim they should have priority on the list for reinstatement over certain foremen of linemen who sought reinstatement both as linemen and as foremen of linemen.

The Civil Service Commission rules bearing on the case at bar are as follows:

## Rule IV: Certifications

"Certification. A written notice, upon blanks prescribed by the Commission shall be mailed to the eligible, at his latest address as shown by the records of the Commission, stating that his name has been certified to the appointing officer. A similar notice shall be sent to the appointing officer, containing the name of the eligible certified. Employees accepting certification from a promotion register are thereby permanently separated from the positions formerly held by them. No person shall be certified from a promotion register who has been separated permanently from the service of the City. An eligible may accept certification to a position in a grade lower than that for which he was examined, and in the same general class of service and similar duties, but the acceptance of any such lower grade position shall fix permanently the grade of the appointee therein.

"Certification from More than One Register. An employee who leaves a position to accept employment by certification from another eligible register shall be separated permanently from the position formerly held by him. Any such employee, may within six months, be reinstated in any vacancy in the same

branch, class and grade from which he was so separated with the consent of the Commission and the approval of the department or departments concerned, or his name may be placed on the appropriate reinstatement register upon his resigning from, or being separated from, his new position. Where an officer or employee accepts certification to a higher position, the duties of which are merely temporary, he shall be reinstated in his former position without loss of seniority when such higher duty is completed, if and when such former position is or shall become vacant. . . .

"Probation. Original appointment shall be on probation for a period of six months. In no case shall a probationer be discharged until after the appointing officer has received from the Commission a notice in writing that the Commission has approved such discharge. Time served on probation, whether continuous or not, shall be credited upon the period of probation.

Rule V: Promotion, Efficiency and Seniority

" . . .

"Eligibility. The Commission in its notice of examinations shall define lines of eligibility for promotion, specifying by title of position the particular rank or grade entitled to take such promotion examination. Promotion examinations shall be held when the next lower rank, whether in the same or a lower grade, as determined by the Commission, contains two or more eligible persons desirous of taking examination. Should not more than one eligible candidate register, or should all candidates fail to pass, an original entrance examination shall then be held. No person shall be eligible for promotion from a position in any rank or grade to fill a vacancy in the next

higher rank unless the position in which he is employed at the time of examination is in the same branch and class of service as the position to be filled and unless such person is at the time of examination actually employed in such branch and class, or unless such person has a civil service rating in the rank or grade from which promotion is sought but is actually employed on a temporary basis in a higher rank or grade in a similar line of duty, or is on leave of absence or is eligible for reinstatement.

"Seniority. Credit for Seniority shall be given only for actual service in the rank or grade from which promotion is sought, whether such service has been continuous or not, or for actual service in a higher rank or grade in a similar line of duty, to which the applicant has been assigned on a temporary basis from the rank or grade from which promotion is sought. Seniority shall be computed as of the date of examination. The average marking to be entered for seniority shall be obtained by adding to a standard mark of 70, as follows:

For the first six months....................... 0
For each full month of the second six months...$\frac{1}{2}$
For the second full year...................... 3
For the third full year....................... 4
For the fourth full year...................... 4
For the fifth full year....................... 3
For the sixth full year....................... 3
For the seventh full year..................... 2
For the eighth full year...................... 2
For the ninth full year....................... 2
For the tenth full year....................... 2
For each additional year of service
 after ten years (Maximum 14 years)........$\frac{1}{2}$

## Rule IX: Layoff, Resignations and Reinstatements

"Lay-offs. Whenever it becomes necessary, through lack of work or funds, or for other causes to reduce the force in any employment in any department or bureau, the person who was last certified to such employment shall be the first laid off. Persons laid off in accordance with the foregoing procedure shall be entitled to have their names placed on the reinstatement list according to the seniority of their certification. Any officer or employe whose position has been abolished for lack of work or funds, may, upon application, have his name placed on the reinstatement list in any lower rank or grade from which he was promoted, according to his examination and seniority of certification. Any officer or employe who elects to accept certification to such position in any lower rank or grade shall remain on the reinstatement list of the position from which he was separated on account of lack of work or funds, and on the reinstatement list of any intermediate rank or grade in which he has seniority rights, and he shall be eligible to reinstatement in any vacancy occurring in such position in accordance with his seniority rights therein.

"Resignation. A copy of the resignation of an officer or employe from the classified service shall be filed with the Commission by the head of the department receiving and accepting the same. The Commission may permit the withdrawal of a resignation and its cancellation upon application at any time within thirty days after the filing of same, provided, the head of the department concerned approves of such withdrawal and cancellation.

"Reinstatement. When any officer or employe has returned from a leave of absence and his position in the meantime has been filled by certification, or

when any officer or employe has been laid off in accordance with the preceding Section 1, or when the position of any officer or employe has been abolished, or when the name of any officer or employe has been placed on a reinstatement list in any lower rank or grade in accordance with the preceding Section 1, such officer or employe shall be eligible to reinstatement in any vacancy occurring in the same branch, class or grade according to his standing on the reinstatement list."

The foremen of linemen in question were certified as linemen and as foremen of linemen on dates as follows:

| Name | Date of Certification as Lineman | | Date of Certification as Foreman of Linemen | |
|---|---|---|---|---|
| Taplin, Thomas F. | June | 11, 1948 | August | 1, 1953 |
| McCormick, William C. | June | 11, 1948 | August | 1, 1953 |
| Burke, Peter A. | June | 11, 1948 | August | 1, 1953 |
| Walsh, John R. | June | 11, 1948 | March | 16, 1955 |
| Caughlin, Clarence J. | June | 1, 1948 | March | 16, 1955 |
| Cucci, Louis A. | February | 21, 1949 | August | 1, 1953 |
| Kerr, Lawrence H. | June | 13, 1949 | August | 1, 1953 |
| Dawe, Nicholas T. | August | 21, 1951 | August | 17, 1953 |
| Martin, Donald B. | August | 21, 1951 | August | 1, 1953 |
| LeBlanc, Robert A. | August | 30, 1951 | July | 16, 1957 |
| Campbell, Michael J. | August | 30, 1951 | March | 16, 1955 |
| Weinberg, Leonard | August | 30, 1951 | August | 16, 1953 |

It is undisputed that during the months of April, May and June of 1963, it became necessary, through lack of work, to reduce the work force in the Bureau of Electricity of the Department of Streets and Sanitation; that as a result, approximately 50 percent of those holding the position of lineman, including some of the plaintiffs and intervening-plaintiffs, and 15 out of 44 of those holding the position of foreman of linemen, including all of the intervening-defendants, were laid off from the duties of their respective positions; that for pay purposes,

the aforesaid linemen and foremen of linemen were separated from their respective positions after the expiration of the vacation time, if any, they each had accumulated while occupying their said positions.

At the time of the lay-off the names of the foremen of linemen in question were placed on the reinstatement list for the class of foreman of linemen, and the names of the said plaintiffs and intervening-plaintiffs were placed on the reinstatement list for the class of lineman by the defendant Civil Service Commission which so acted under authority of rule IX, sec 1 of the rules of the Civil Service Commission. At the same time the said intervening-defendants each made application to the Civil Service Commission to have their names placed on the reinstatement list for the class of lineman according to their seniority of certification to that class. The Civil Service Commission acting upon its interpretation of rule IX, sec 1, approved the said applications, placed the names of the intervening-defendants on the reinstatement list for the class of lineman according to their seniority or original certification to that position and thereafter on or about July 1, 1963 certified said defendants, according to the seniority of certification of each, to the Department of Streets and Sanitation upon the request of that Department for names to fill vacancies then occurring in the class of lineman due to an increase in the work of that department. Thereafter, vacancies occurred in the class of foreman due to the said work increase, and as a result, the intervening-defendants either were reinstated to that class from the foreman's reinstatement list and thereby were removed from their position of lineman, or waived reinstatement and thereby remained in the class of lineman, or their names were not yet reached by the department's request for certification to the then existing vacancies and they thereby remained in the class of line-

man. The dates the said intervening-defendants were separated from their positions as foremen, and reinstated as linemen and thereafter as foremen are as follows:

| Name | Date separated from Foreman position | Date Reinstated as Lineman | Date Reinstated as Foreman |
| --- | --- | --- | --- |
| Taplin, Thomas F. | June 13, 1963 | July 1, 1963 | Oct. 16, 1963 |
| McCormick, William C. | June 6, 1963 | July 1, 1963 | Waived |
| Burke, Peter A. | June 6, 1963 | July 1, 1963 | Sept. 26, 1963 |
| Walsh, John R. | May 13, 1963 | July 1, 1963 | |
| Caughlin, Clarence J. | May 25, 1963 | July 1, 1963 | |
| Cucci, Louis A. | May 17, 1963 | July 1, 1963 | Waived twice |
| Kerr, Lawrence H. | May 21, 1963 | July 1, 1963 | Oct. 18, 1963 |
| Dawe, Nicholas T. | May 21, 1963 | July 1, 1963 | Waived |
| Martin, Donald B. | June 5, 1963 | July 1, 1963 | Oct. 16, 1963 |
| LeBlanc, Robert A. | May 21, 1963 | July 1, 1963 | |
| Campbell, Michael J. | May 21, 1963 | July 1, 1963 | |
| Weinberg, Leonard | May 21, 1963 | July 1, 1963 | Oct. 28, 1963 |

It was stipulated that these foremen of linemen performed their duties as foremen of linemen, and received the salary appropriated therefor, from the respective dates of their promotions as such, as above set forth, until their respective layoffs from their duties as foremen of linemen in 1963, as above set forth, and that all of said foremen of linemen had been certified from a promotional eligible list, and had accepted promotion to the position of foreman of linemen on the respective dates set forth above.

The linemen asked declarations of their rights to the position of lineman and an injunction restraining the defendant commissioner of the Department of Streets and Sanitation of the City of Chicago, and the Civil Service Board, the comptroller and treasurer of the City from employing or paying as linemen in the classified service any persons who were certified and promoted to the rank of foreman of linemen.

It is the appellants' theory of the case that the rules of the Civil Service Commission of the City of Chicago have the force of law and must be considered and interpreted in the same manner as are statutes. They further contend that rule IX, sec 1 of the rules of the Commission, which defines the procedures to be followed by the Commission when layoffs occur in the classified service, is a valid and legal rule; that because that rule invests the Commission with authority to place a laid off foreman of linemen on both a foreman's and lineman's reinstatement list, it does not deprive laid off linemen of rights, if any, they may have to be placed on a lineman's reinstatement list. The appellants also contend that rule IV of the Commission's rules which regulates certification procedures is not in conflict with rule IX. Finally, they contend that the trial court erred when it denied appellants' motion to reopen the case before final judgment for the purpose of introducing further testimony from James T. Osborne, secretary of the Civil Service Commission of the City of Chicago, as to his interpretation of the Civil Service rules.

The appellees claim, on the other hand, that the Civil Service Commission is without power or authority to reinstate foremen of linemen to the position of lineman or reinstatement list for that position after the foremen accepted promotion from the position of lineman to the position of foreman, and had been permanently separated from the position of lineman. They also argue that rule IX, sec 1 of the rules of the Civil Service Commission, insofar as it purports to authorize such action, is illegal and void as against public policy. They further contend that rule IX, sec 1 does not, by its terms, authorize reinstatement in a lower position, unless the higher position is abolished, and there being no proof that the position of the foreman of linemen was abolished, the appellants were not entitled to placement on the list for, or in the position of, lineman.

The Court below found that rule IX, sec 1 of the rules of the Civil Service Commission did not, and does not authorize the Commission to place the names of the appellants or other civil service foremen of linemen, upon the reinstatement list for the position of lineman in the classified civil service of the Department of Streets and Sanitation of the City of Chicago, but said persons were, and are entitled to placement upon the reinstatement list for the position of foreman of linemen in said department and to appointment or reinstatement to said position of foreman of linemen, as vacancies occur. The court also found that the Civil Service Commission acted illegally in placing the names of the foremen of linemen on the reinstatement list for lineman, stating that the linemen whose names were on the reinstatement list for the position of lineman prior to July 1, 1963 were entitled to be appointed to vacancies occurring in the rank of lineman in the months of July and October, 1963, in the order of their seniority or certification as linemen and said plaintiffs have been prevented from performing their duties as linemen and from receiving the salary appropriated therefor and attached thereto, from the dates of the appointment of foremen of linemen to vacancies in the position of lineman.

The appellants argue that rules IV and IX of the Civil Service Commission are not in conflict, are valid rules and permit foremen of linemen to place their names both on the reinstatement list for foreman and the list for lineman. It is urged that rule IV deals with the procedure to be followed when an employee is promoted to a higher grade in the civil service, while rule IX deals with procedures to be followed in case of layoffs.

According to the appellees, once the appellant workers accepted employment as foremen of linemen, they gave up all rights to the job of lineman and have no right to be reinstated in that position without retaking a civil

service examination and taking their places at the bottom of the civil service list. In support of this proposition, they point to rule IV of the Civil Service Commission which reads, in part, "Employees accepting certification from a promotion register are thereby permanently separated from the positions formerly held by them." People ex rel. Hurley v. Graber, 405 Ill 331, 90 NE2d 763 (1950), is also cited for this proposition. The appellants point out that when this rule is read in context it becomes clear that this provision is merely a self-executing one whereby employees are permanently separated from the position which they formerly held when they accept promotion.

By its terms, there is nothing in this section which would deal with the problem which faces the court in this matter. When interpreting a statute, the court must read it as a whole. Gannon v. Chicago, Milwaukee, St. Paul and Pacific Railway Co., 22 Ill2d 305, 175 NE2d 785 (1961); Huckaba v. Cox, 14 Ill2d 126, 150 NE2d 832 (1958). The same method of interpretation is applicable to interpreting the rules of the Civil Service Commission. We feel that the appellees have taken a sentence out of context in an attempt to make it stand for something that has not in any way been stated in the Commission rules. The section in which this sentence appears deals with the appointment of a worker to another position. Upon accepting promotion to the other position, the worker is automatically severed from his former position. Clearly, this must be so in order that a worker not be certified as holding two jobs at once. It is provided for as an automatic result of promotion in order to save administrative steps in conjunction with promotions. Were this rule not in effect, it would be necessary to appoint a person to a new position in one step and remove him from his old position as another separate action. Under this rule, both steps may be accomplished at once.

406

In our opinion this is all the rule was intended to do. After carefully considering People ex rel. Hurley v. Graber, supra, we have concluded it is not relevant to the case at bar. That case dealt with the question of whether or not the Civil Service Commission had the power to demote persons once they have been certified to their positions. During the course of that opinion it was stated that under the civil service rules when a person accepted a promotion he was permanently severed from his former position. A reading of that opinion, however, will reveal that the Supreme Court had a case before it which was in no way similar to the one at bar, and we do not feel that it can properly be used as authority for disposing of the matter now before us. The appellees have also cited People ex rel. Massey v. City of Chicago, 35 Ill App2d 377, 183 NE2d 3 (1962), a case dealing with the resignation of a civil service patrolman from his position. As resignations are not involved in the case at bar, it has no bearing here and we need not discuss it.

Rule IX of the Commission's rules states in part:

"Lay-offs.

". . . Persons laid off . . . shall be entitled to have their names placed on the reinstatement list according to the seniority of their certification. Any . . . employe whose position has been abolished may, upon application, have his name placed on the reinstatement list in any lower rank or grade from which he was promoted. . . . Any officer or employe who elects to accept certification to such position in any lower rank or grade shall remain on the reinstatement list of the position from which he was separated and on the reinstatement list of any intermediate rank or grade in which he has seniority rights, and he shall be eligible to reinstatement in any vacancy occurring in such position in accordance with his seniority rights therein."

We believe this covers the situation before us. It says quite clearly that one who has been laid off due to lack of work or funds may sign up for reinstatement in the position in which he was most recently employed, *and also for "any lower rank or grade from which he was promoted."* In this case it is undisputed that the appellant foremen had been promoted from linemen to foremen of linemen. Under this rule, therefore, they were entitled to have their names on the reinstatement lists both for foreman of linemen and for lineman.

The appellees argue that this section of rule IX does not purport to authorize placement upon a list for a lower position unless the position from which the employee is laid off has been "abolished" by competent authority. We have quoted just above what we consider to be the controlling portion of the rule in question. The rule is set out in its entirety at the beginning of this opinion. The appellees point to the phrase "Any . . . employe whose position has been abolished . . ." and argue that for the purposes of reinstatement in a lower class, the position of foreman of linemen had not been abolished. They argue, "There is manifestly a difference between reducing the number of employes working in a position and abolishing a position." A reading of the section as a whole, however, shows that this was not the intention of those who drafted it, for the section goes on to provide that the one who was separated from his position because it was abolished "shall remain on the reinstatement list of the position *from which he was separated."* If the position had been "abolished" in the sense appellees want to use the term there would be no seniority list for it. A person "whose position has been abolished" must be read to mean that abolition occurs when a person has been laid off from his position.

◼ Looking at the facts of the case before us, the Bureau of Electricity of the Department of Streets and

408

Sanitation employed 44 foremen of linemen. Due to a shortage of work 15 of these foremen's jobs were cancelled. It can be said without in any way stretching the English language that these 15 jobs were abolished. For the word "abolished" to be used properly it is not necessary that every foreman of linemen be laid off and that a decision be made that no more are to be hired for the future. For the above reasons we conclude that the jobs of the appellant linemen were abolished when the layoffs occurred.

 It is urged by the appellees that an interpretation such as the one we have made renders rule IX in conflict with rule IV. They argue that one cannot be permanently separated from his earlier position and still retain rights to reinstatement. This is not so. Rule IV deals only with the standard procedure to be followed when a civil service worker is promoted. It in no way purports to deal with the problem of what happens to the workers when layoffs occur. It is rule IX which addresses itself to this situation, and we feel that it is clear in its terms; the Civil Service Commission acted properly in allowing the laid off foremen to place their names on both reinstatement lists.

The appellees next argue that an interpretation of the rules such as we have made does not insure that an employee with the longest service shall be the first reinstated after a layoff occurs. They point to rule V, set out above, as supporting this proposition. They make their argument only by insisting that a foreman of linemen is totally different from a lineman and that the time one spends as a foreman cannot be counted as time spent as a lineman. We think that the time spent as a foreman should count toward seniority as a lineman. Apparently appellees argue that if one accepts the position of foreman with the advantages which are a part of the promo-

tion, he should not be permitted to hold the advantages of his certification as a lineman. They are, in a manner, accusing the appellant foremen of wanting to have their cake and eat it too. While we have sympathy for all workers laid off from their jobs in a situation such as this, we must note that as a general rule workers with the most seniority are those who are allowed to keep their jobs when layoffs occur. The city is entitled to have the most experienced workers at their jobs. The actions of the Civil Service Commission were designed to have this effect. No public policy is being violated by the interpretation of the rules made by the Commission.

Our decision makes it unnecessary for us to consider the question of whether or not the court below should have permitted the appellants to introduce testimony from one of the drafters of the civil service rules as to the meaning of the word "abolished."

For the reasons above stated, the judgment order is reversed.

Judgment reversed.

LYONS and BURKE, JJ., concur.