FRANCES STENZEL et al., Plaintiffs-Appellants, v. HEALTH & HOSPITALS GOVERNING COMMISSION et al., Defendants-Appellees.

First District (4th Division)   No. 76-713

Opinion filed July 7, 1977.

John J. Muldoon, of Chicago, for appellants.

Vedder, Price, Kaufman & Kammholz, of Chicago (Robert C. Claus and John A. Relias, of counsel), for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiffs, Frances Stenzel and Catherine McKaney, commenced this action in the circuit court of Cook County, chancery division, seeking to permanently enjoin defendants, Health and Hospitals Governing Commission of Cook County (Commission) and Victor Jackson, its Director of Personnel, from instituting a proposed plan to "lay-off" plaintiffs from their positions as seamstresses at Cook County Hospital. Ill. Rev. Stat. 1971, ch. 34, par. 1119.

On February 4, 1976, the trial court issued a temporary injunction restraining defendants, pending a full hearing of the case, from proceeding against the plaintiffs. Thereafter, at a hearing on March 3, 1976, the respective attorneys for the parties entered into a stipulation limiting the issue for adjudication to a determination of whether section 61.30a [of the civil service laws pertaining to Cook County (Ill. Rev. Stat. 1971, ch. 34, par. 1119)] applied to plaintiffs, thereby preventing temporary termination of their employment.

The trial judge concluded that section 61.30a was inapplicable and did not secure plaintiffs in their positions. Accordingly, the trial judge, on motion of the defendants, entered an order dissolving the temporary injunction and dismissed the plaintiffs' complaint. It is from this order that plaintiffs appeal.

Plaintiffs contend that, despite the Commission's statutory power to promulgate rules and regulations pertaining to the lay-off of its employees, the Commission is nevertheless bound to grant to employees, such as plaintiffs, the same seniority status as they enjoyed under the prior Civil Service Rules and Regulations. Ill. Rev. Stat. 1971, ch. 34, pars. 5026, 1119.

We disagree with plaintiffs' contention and affirm the trial court.

On October 16, 1968, plaintiffs were certified by the Civil Service Commission of Cook County as civil service employees at the Cook County Hospital in Chicago, Illinois, in the classification of seamstress. They maintained this classification until January 1, 1970, when a new

"merit system" was instituted under the legislative authority granted the health and Hospitals Governing Commission. The Commission was created by statute and replaced the Civil Service Commission as the administrative body to operate the Cook County Hospital and certain other medical facilities and institutions. Ill. Rev. Stat. 1971, ch. 34, par. 5011 *et seq.*

Under the "merit system" plaintiffs were classified as "Career Status" employees and continued to work in their positions as seamstresses in the hospital's "Power Machine Operators Department." From 1972 through 1975, three employees, who previously had worked in other departments of the Cook County Hospital, were transferred and assigned to the "Power Machine Operators Department." These three employees had worked for the Cook County Hospital for a longer period of time than plaintiffs, but for a lesser period of time within the "Power Machine Operators Department."

On December 16, 1975, the Commission and Local 46 Service Employees International Union entered into a collective bargaining agreement for various classifications of employees at Cook County Hospital. As power machine operators (seamstresses) plaintiffs are covered by this collective bargaining agreement. According to defendants, the agreement incorporated, *inter alia*, the Commission's definition and rules pertaining to seniority and lay-offs. The agreement provides that employees are to be laid off in inverse order of seniority, and that seniority is defined as "an Employees length of most recent continuous employment at the *hospital* * * *." (Emphasis added.)

On January 16, 1976, plaintiffs were notified that, as the two power machine operators with the least hospital-wide seniority, they were to be laid off on January 30, 1976, from their positions. On March 4, 1976, the day after the dissolution of the temporary injunction, plaintiffs were temporarily terminated.

By stipulation of the parties, the sole issue for our determination is whether the Commission has authority to promulgate its own rules and regulations pertaining to the lay-offs of its employees or whether it is bound to follow the earlier procedures set forth in section 61.30a of the civil service laws (Ill. Rev. Stat. 1971, ch. 34, par. 1119). To resolve this issue, we must determine which of two seemingly conflicting statutes governs the present situation. Section 16 of "An Act in relation to a comprehensive County Hospitals Governing Commission" (Ill. Rev. Stat. 1971, ch. 34, par. 5026) provides as follows:

> "All officers and employees subject to the Commission's responsibility shall be subject to the supervision and control of the Commission as agent of the county, and shall be treated as employees of the county within the provisions of Article 9 of the

Illinois Pension Code. All appointments and promotions to positions, except as provided in Section 11, shall be made solely on the basis of merit and fitness, to be ascertained insofar as practical by competitive examination or other accepted techniques of personal administration based on merit principles. \* \* \* *The Commission shall adopt rules and regulations based on such principles governing the* appointment, training, promotion, transfers, *lay-off,* removal, discipline, fringe benefits and welfare of its employees. Employees performing services in and for the various hospitals and hospital facilities operated by the Commission on July 1, 1970 who held permanent civil service status in the Cook County Civil Service System on said date are deemed to have met all the Merit System requirements of this Act and became merit employees under this Act with the same standing, grade, class or rank which they held in the classified service of Cook County. For determining seniority such employees shall be credited with the time served by them in their respective employments with Cook County\* \* \*. Upon the effective date of this amendatory Act, all employees under this Act shall no longer come within the provisions of Civil Service Law of Cook County, Illinois, but instead, shall come within the provisions of the merit system provided for in this Act, except as provided herein." (Emphasis supplied.)

Under this statute, the Commission is specifically empowered to prescribe rules and regulations pertaining to the lay-off of its employees. The Commission adopted a system based on inverse hospital-wide seniority. Accordingly, the lay-off of plaintiffs, who within their department enjoyed the least hospital-wide seniority, would be warranted.

In apparent conflict, section 61.30a (Ill. Rev. Stat. 1971, ch. 34, par. 1119), a part of the civil service law applicable to Cook County, provides as follows:

"Whenever it became necessary through lack of work or funds, or whenever a position is abolished and the number of employees in a department must be reduced, *the employee shall first be laid off who has the lowest seniority in the grade and department* in which the reduction is to be made\* \* \*." (Emphasis supplied.)

Under this provision, lay-offs are instituted against those employees enjoying least departmental seniority. Plaintiffs possess greater department-wide seniority than the three other power machine operators. Thus, were section 61.30a to be read into section 16 (Ill. Rev. Stat. 1971, ch. 34, par. 5026), we would conclude that plaintiffs were improperly laid off.

■■ In view of the express statutory authority granted the Commission to adopt rules and regulations governing lay-offs, we are compelled to hold that the Commission may adopt its own independent rules relating to lay-offs, which accordingly mandates the temporary exclusion of plaintiffs in the instant case.

While there are no cases which have specifically addressed the question of the Commission's independent authority to regulate lay-offs, we view *Sibley v. Health & Hospitals' Governing Com.* (1974), 22 Ill. App. 3d 632, 317 N.E.2d 642, as persuasive authority for our determination that the Commission has the power to so do.

In *Sibley,* plaintiffs attacked the authority of the Health and Hospitals Governing Commission to prescribe a mandatory retirement age. In examining section 16 (Ill. Rev. Stat. 1971, ch. 34, par. 5026) (the exact statutory provision in issue in the present case), the court in *Sibley* found no language granting the Commission the power to fix a compulsory retirement age for its employees. The court further rejected the Commission's argument that it had implied authority to do so.

The court said:

" [S]ince the ·Act in question neither fixed a compulsory retirement because of age nor expressly delegated such authority to the Commission, the trial judges correctly determined that the Commission was without authority to adopt a valid resolution with reference to compulsory retirement by reason of age." 22 Ill. App. 3d 632, 637, 317 N.E.2d 642, 645.

Unlike *Sibley,* in the instant case the legislature expressly delegated to the commission the authority that is being questioned. The statute explicitly grants to the Commission the power to "adopt rules and regulations * * * governing the appointment, training, promotion, transfers, *lay-off*, removal, discipline, fringe benefits and welfare of its employees." (Emphasis supplied.)

Plaintiffs insist that within section 16 is an expression of legislative intention to guarantee to former civil service employees identical rights and privileges after their transfer to the new "merit system." Plaintiffs rely on the following language.

"Employees performing services in and for the various hospitals and hospital facilities operated by the Commission on July 1, 1970 who held permanent civil service status in the Cook County Civil Service System on said date are deemed to have met all the Merit System requirements of this Act and became merit employees under this Act with the *same standing, grade, class or rank* which they held in the classified service of Cook County." (Emphasis added.)

■■ Plaintiffs urge that the use of the word "standing" implies that

the former civil service employees would work under the same laws and conditions as they had prior to the enactment of section 16. However, the interpretation which plaintiffs suggest overlooks the express delegation to the Commission of the power to regulate layoffs. We must presume that the legislature intended that all section 16 provisions be given their express meaning and effect. (See S. *Bloom, Inc. v. Korshak* (1972), 52 Ill. 2d 56, 284 N.E.2d 257; *Pliakos v. Liquor Control Com.* (1957), 11 Ill. 2d 456, 143 N.E.2d 47.) We believe that the word "standing" used in the context of section 16 indicates that former civil service employees would neither lose their overall hospital seniority nor their positions upon transfer to the merit system. (See *Bourne v. Johnson* (1966), 68 Ill. App. 2d 395, 215 N.E.2d 129.) Nothing within section 16 expressly or impliedly guarantees to such employees the following of the rules and regulations regarding layoffs that were previously in effect under the civil service laws. The Commission has been expressly delegated this power by the legislature as a reading of section 16 indicates.

For the foregoing reasons the judgment of the trial court is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.