(No. 22425.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH SZATKOWSKI, Plaintiff in Error.

*Opinion filed October 17, 1934.*

EUGENE L. MCGARRY, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

At his trial in the criminal court of Cook county, on October 17, 1933, plaintiff in error was found guilty of robbery. He was tried before the court without a jury. His motions for a new trial and in arrest of judgment were overruled, and the case is before us on writ of error.

Plaintiff in error contends that the evidence does not establish his guilt beyond a reasonable doubt, and that therefore the judgment of conviction is contrary to law. In support of this he insists that neither the *corpus delicti* nor his identity was established sufficiently by the evidence. His defense was an alibi.

The first witness for the People was Rudolph Lansz, the victim of the robbery. His testimony was that on September 2, 1933, at a quarter after nine in the evening, he was on the the north side of Forty-fifth street, about one hundred feet east of Kedzie avenue, in Chicago. He was walking towards the latter thoroughfare when he saw two men approaching on his side of the street. They were about one hundred feet from him when he noticed them. They appeared to him to be intoxicated. When they came up to him, plaintiff in error, Szatkowski, took Lansz by the throat and choked him. He also struck Lansz's head against a building there and knocked him down. Lansz was unconscious for a brief space of time. When he regained his senses he saw plaintiff in error and his companion about twelve feet away from him, running through an alley. Lansz had three dollars in his pocket, and the pocket was in good condition before he was assaulted. After the assault the money was gone and his pocket was

torn. The trousers were in evidence. No one else was on the street in that vicinity at the time in question.

Charles Knapp, a witness for the plaintiff in error, testified that Lansz came up to the drug store where witness had just bought cigars, complained that he (Lansz) had been robbed, and then turned and ran in the same direction two other men were running. On cross-examination this witness admitted that he saw these other two men scuffling with Lansz before this, but he denied that plaintiff in error was one of the two other men.

A police officer, Anthony Bieschke, testified that he arrested plaintiff in error on September 4, 1933, at Forty-fifth and Kedzie. He said Szatkowski told him he had an altercation with Lansz on the same corner on the night of September 2, 1933, and that at that time Stanley Benshek was with Szatkowski. This witness also stated that Lansz identified plaintiff in error in the police station as the man who assaulted and robbed him. At the time the identification was made, Bieschke said Szatkowski swore at Lansz and called him a liar, saying, "I took a poke at you and you took a poke at me."

This testimony established the *corpus delicti* and weakens the testimony in support of an alibi.

With reference to the contention that there was insufficient identification of plaintiff in error, Lansz stated that he had seen Szatkowski six or seven times before the night of the robbery. He went from the drug store to a saloon and described his assailants. He was there informed that the description of his principal assailant fitted "Pool-room Joe," plaintiff in error. Plaintiff in error denied the statements of officer Bieschke as to his admission that he had an altercation with Lansz on the night of the robbery, and he and two other witnesses testified that he was not present at the scene of the robbery at the time.

Plaintiff in error relies on the holding in *Campbell* v. *People*, 16 Ill. 17; and contends that the rule there stated

is applicable to this case. That rule is, that if there is uncertainty as to which of several persons present committed the crime, although there is no doubt that one of the number did commit it, a defendant charged with that crime will be entitled to an acquittal. That rule has no application to this case, where there was unity of action on the part of Lansz's two assailants. It is immaterial which of the two thrust his hand into the pocket of the victim and took his money since the testimony shows concerted action on their part. *People* v. *Billburg,* 314 Ill. 182, 194.

The evidence was irreconcilably conflicting in this case. It was therefore the province of the court to determine on which side the truth lay. Plaintiff in error was positively identified by Lansz, who had a very good opportunity to discern his features and general appearance at the time of the robbery. In addition, as stated, Lansz had seen him six or seven times previously. The other circumstances and facts testified to have already been set out in connection with the contention that plaintiff in error was not sufficiently identified. If plaintiff in error and his witnesses were believed he could not have been guilty. With such conflict in the evidence it was for the trial court to determine what testimony was worthy of belief. This court will not substitute its judgment for that of the trial court unless we are satisfied from all the evidence that there is a reasonable doubt of the guilt of the accused. (*People* v. *Yates,* 339 Ill. 421.) We are not convinced that there is a reasonable doubt of the guilt of plaintiff in error, and the judgment is therefore affirmed.

*Judgment affirmed.*