HENRY SCHIONIGER, Plaintiff-Appellant, *v.* THE COUNTY OF COOK *et al.*, Defendants-Appellees.

First District (4th Division)   No. 82—2903

Opinion filed August 4, 1983.

Michael D. Gerstein, of Chicago (William J. O'Connor, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Roman L. Sukley, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE LINN delivered the opinion of the court:

On December 9, 1981, plaintiff, Henry Schioniger, filed a complaint against defendant, County of Cook *et al.*, in the circuit court of Cook County seeking administrative review of an order of the hearing officer, which was adopted by the Board of Commissioners of Cook County (Board) upholding his layoff as an employee of Cook County Hospital. On November 22, 1982, the circuit court entered an order affirming the decision of the hearing officer and the Board. Plaintiff appeals, arguing that (1) the hearing officer exceeded his authority; (2) defendant Board failed to follow its own rules in that there was insufficient evidence that lack of funds was the reason for plaintiff's layoff; and (3) the hearing officer's decision was against the manifest weight of the evidence. We affirm the decision of the trial court.

FACTS

In 1978 the Board of Commissioners of Cook County reduced the amount of money budgeted for Cook County Hospital. As a result, hundreds of employees, including tradesmen who were "merit employees" working in the building and grounds departments at Oak Forest and Cook County Hospitals, were notified that they would be laid off "due to lack of funds." Eighty-three of these tradesmen brought an action in the circuit court of Cook County seeking reinstatement. This court held in the appeal of that case (*Altman v. Health & Hospitals Governing Com.* (1980), 91 Ill. App. 3d 498, 414 N.E.2d 1091) that plaintiffs' layoffs were done in good faith and their due process rights were adequately protected by the hearing provided them.

Plaintiff Schioniger, a painter, and a few others opted out of the *Altman* case and brought a separate action alleging that the Health and Hospitals Governing Commission (HHGC) had not followed proper procedures in laying them off. The circuit court found that the notice afforded them had been inadequate and ordered reinstatement. On November 9, 1979, plaintiff again was laid off after receiving proper notice, which again attributed his layoff to lack of funds.

Effective November 30, 1979, the HHGC's enabling statute was

repealed by the County Hospitals Governing Act (Ill. Rev. Stat. 1979, ch. 34, par. 5011 *et seq.*, as amended by Pub. Act 81—1197, effective November 30, 1979). The County of Cook became its successor in interest.

In July 1980, plaintiff brought an action against the County of Cook seeking reinstatement and back pay. A hearing was held on May 28, 1981, at which Victor Jackson, Cook County Hospital personnel director at the time plaintiff was laid off, testified that plaintiff was laid off because of lack of funds. Jackson stated that he had personal knowledge of the hospital's financial difficulties and had participated in preparation of the 1979 budget. He testified that there were no budgeted line items for painters in the 1979 budget.

Jackson also testified that under the HHGC's policy resolution, after a layoff of one year, "the employee shall be terminated." Plaintiff was not sent a letter of termination after he had been laid off for one year. Such a letter was "not called for in the resolution." The 1981 budget provided for five painters. Five painters were hired after plaintiff's recall rights had expired.

On November 20, 1981, the hearing officer notified plaintiff of his decision that plaintiff's layoff was done because of lack of funds and in accordance with the policy and procedures in effect at the time. The hearing officer concluded that since plaintiff's maximum layoff period under HHGC rules was one year and he had not been recalled within that time, the HHGC policy that "[a]n employee not recalled within the applicable lay-off period *** shall be terminated" would apply. This decision was upheld following administrative review by the circuit court of Cook County.

OPINION

■ Plaintiff appeals, arguing first that "the hearing officer exceeded his authority in terminating the employment of the plaintiff." This argument appears to us to be a general expression of disagreement with the outcome of the hearing, as plaintiff complains in this section of his brief of a due process violation and insufficiency of the evidence, as well as the hearing officer's exercise of authority. With regard to the latter issue, plaintiff quotes *Ladenheim v. Union County Hospital District* (1979), 76 Ill. App. 3d 90, 98, 394 N.E.2d 770, 776: "Hearing officers may not rely on their own expertise in making factual determinations ***. Their decision [*sic*] must be based on evidence presented at the hearing." Therefore, plaintiff argues, the hearing officer had no authority to terminate plaintiff's employment because termination could be accomplished only in compliance

with the statute that was in effect at the time. The applicable statute provided that no merit employee could be discharged except for cause and on written charges. Ill. Rev. Stat. 1977, ch. 34, par. 5026, repealed by Pub. Act. 81—1197, sec. 5, effective November 30, 1979.

This claim is unpersuasive for two reasons. First, plaintiff misperceives the role of the hearing officer in his termination. The hearing officer did not terminate plaintiff's employment; he merely acknowledged the fact that under the applicable HHGC rule plaintiff's employment had been terminated.

Second, as the *Altman* court explained, where an employee is laid off for appropriate reasons other than employee misconduct, this statutory requirement of cause and written charges is not applicable: "That section refers to cases where an officer or employe is removed for some reason personal to himself. *** The provision in question does not apply to a case where the incumbent is dismissed for want of funds ***." (*Fitzsimmons v. O'Neill* (1905), 214 Ill. 494, 503, 73 N.E. 799, 800.) Plaintiff concedes that the HHGC's "Policy and Procedure" provides that lack of funds is a valid reason for employee layoffs. The HHGC may adopt its own independent rules relating to layoffs (*Stenzel v. Health & Hospitals Governing Com.* (1977), 50 Ill. App. 3d 545, 365 N.E.2d 1076), lack of funds was one of the valid reasons for layoff adopted by the HHGC, and the statute cited by plaintiff is inapplicable to a layoff for lack of funds. Accordingly, we find that plaintiff's argument is not only unsupported but is directly contradicted by the relevant legal precedents.

■ Plaintiff's related claim that the procedures followed in this case amounted to a denial of his due process rights is similarly lacking in merit for the reasons explained above. "[D]ue process is a flexible concept; its requirements vary with the circumstances to which it is applied, because no particular mode of procedure is mandated. [Citations.]" (*Ladenheim v. Union County Hospital District* (1979), 76 Ill. App. 3d 90, 96, 394 N.E.2d 770, 774.) Here, we find that the due process requirements appropriate to the circumstances of plaintiff and his employer were followed.

Plaintiff's claim that defendant failed to follow its own rules because there was insufficient evidence that lack of funds was the reason for his layoff is simply not supported by the record. Plaintiff's statement that Mr. Jackson lacked personal knowledge of the facts is incorrect. When asked by the hearing officer, "[H]ow do we know the hospital had financial problems? Could you explain?" Jackson replied, "Sure I know. I have a personal reason." Jackson stated that there were no budgeted line items for painters in the 1979 budget. Plaintiff

argues that this evidence of lack of funds is of inferior quality to the evidence presented in the *Altman* case. Whether this is so or not is irrelevant to our finding that the evidence adduced in the case at bar was sufficient to establish that lack of funds was the reason for the plaintiff's layoff.

Plaintiff's final claim of error is that the decision of the hearing officer was against the manifest weight of the evidence. The first two subheadings of plaintiff's argument refer once again to the sufficiency of the evidence and the defendant's observation of its own rules, both of which issues have been discussed above. The final argument is that the trial court "did not satisfy its duties in administrative review" because it failed to rule that the decision of the hearing officer was contrary to the manifest weight of the evidence. The rules applicable to the questions of administrative review and manifest weight of the evidence indicate that plaintiff's claim is lacking in merit.

In an action to review an administrative decision, "[t]he findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." (Ill. Rev. Stat. 1979, ch. 110, par. 274.) A reviewing court may not substitute its judgment for that of the administrative agency where substantial evidence fairly supports the findings of the agency. (*Davenport v. Board of Fire & Police Commissioners* (1979), 2 Ill. App. 3d 864, 278 N.E.2d 212; *Golden Egg Club, Inc. v. Illinois Liquor Control Com.* (1970), 124 Ill. App. 2d 241, 260 N.E.2d 329.) The presumption on appeal is that the trial court heard sufficient evidence on which to base its judgment, and the appellant has the burden of demonstrating that the record fails to support that judgment. (*Hogan v. Braudon* (1976), 40 Ill. App. 3d 352, 352 N.E.2d 303.) The findings and judgment of the trial court in nonjury cases will not be disturbed by a reviewing court if there is any evidence in the record to support such findings. *Brown v. Zimmerman* (1959), 18 Ill. 2d 94, 163 N.E.2d 518; *Skurat v. Kellerman* (1977), 53 Ill. App. 3d 361, 368 N.E.2d 966; *Swan v. Allstate Insurance Co.* (1967), 89 Ill. App. 2d 205, 232 N.E.2d 491.

In the instant case, we find that the trial court correctly upheld the decision of the hearing officer. Plaintiff has failed to set forth any reason that would justify a holding that the trial court's judgment was not supported by the evidence. We are compelled, therefore, to affirm the decision of the trial court.

Affirmed.

ROMITI, P.J., and JIGANTI, J., concur.