919 F.2d 740
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert DUDAS, Plaintiff/Appellant,
v.
Fred SNIDER and City of Washington Illinois, Defendants/Appellees.
 No. 90-1160.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 29, 1990.*
Decided Dec. 3, 1990.
As Amended Dec. 4, 1990.
 
 Before CUMMINGS, POSNER and FLAUM, Circuit Judge.
 
 ORDER
 
 1
 Plaintiff-appellant Robert Dudas appeals from an order of the district court granting defendants' summary judgment motion. Dudas alleges in his Sec. 1983 action that defendants violated his fourteenth amendment due process rights by dismissing him from his job without proper notice or hearing. Defendants contend that Dudas was not entitled to notice or hearing because he was dismissed when his position was eliminated according to proper city budgetary procedures; Dudas countered by alleging that the abolition of his position was a sham. Because Dudas did not offer sufficient facts to establish that the abolition of his position was a pretext, the district court's decision is affirmed.
 
 
 2
 In order to establish a due process violation in the employment context, the plaintiff must prove a property interest in the position at issue. Board of Regents v. Roth, 408 U.S. 564, 577 (1972); Wolf v. Larson, 897 F.2d 1409, 1411 (7th Cir.1990). State law and/or municipal ordinance can define the contours and extent of the property interest in a position. Thornton v. Barnes, 890 F.2d 1380, 1387 (7th Cir.1989).
 
 
 3
 Illinois law creates a property interest in a job for public employees by providing that such individuals can be dismissed only for cause. Ill.Rev.Stat. ch. 24 par. 10-1-18. See also Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985) (public employees have constitutionally protected property interest if dismissal limited by statute to misconduct or cause). However, Illinois state law does not extend this right to instances where a position is eliminated during a reorganization or for legitimate economic reasons. Fitzsimmons v. O'Neill, 214 Ill. 494, 73 N.E. 797 (1905); Thomas v. Springfield Civil Service Com., 106 Ill.App.3d 939, 942, 436 N.E.2d 752 (1982); Schioniger v. County of Cook, 116 Ill.App.3d 895, 898, 452 N.E.2d 783 (1983). The defendants' claim that Dudas was not entitled to a hearing for his dismissal because his position was eliminated pursuant to the exception outlined above; specifically, in his discovery deposition the city administrator stated that he eliminated Dudas' position in order to make funds available for road improvement construction. Further, the city administrator's deposition reveals that he followed the normal budgetary process and that in early April of 1986 the city council passed a budget that did not contain funding for Dudas' position.
 
 
 4
 However, in Misek v. City of Chicago, 783 F.2d 98, 100 (7th Cir.1986), this court held that if a reorganization or abolition of a position is simply a pretext for an effort to replace employees without justifiable cause, due process requires that such employees be afforded notice and an opportunity for a hearing. The district court order states that because Dudas could not dispute the fact that his position has never been reactivated or that his duties have been assumed by other employees, his challenge to defendants' summary judgment must fail. This statement offers too narrow a reading of Misek. While the plaintiff must allege facts sufficient to show that he was fired for cause and not as part of a legitimate reorganization, Misek does not dictate that only evidence proving that the position was later reinstated is sufficient to show a pretextual reorganization.
 
 
 5
 Nevertheless, Dudas failed to offer sufficient facts to show a pretext. Dudas offered two instances in 1985 which show some personal animosity between the city administrator and Dudas. Dudas also stated that he was notified of his dismissal before the city council completed its budgetary process. While the notification of his dismissal came before final city council approval, Dudas does not dispute that the budgetary process had begun prior to his notice of dismissal. Further, nowhere does Dudas allege that he was not afforded an opportunity to participate in the budgetary process or that the process was accomplished in violation of city ordinance. Personal hostility alone is not a sufficient ground for a cause of action if the defendant was acting to a lawful end. Salaymeh v. Interqual Inc., 155 Ill.App.3d 1040, 1045, 508 N.E.2d 1155 (1987).
 
 
 6
 Therefore, Dudas failed to present facts sufficient to show that his property interest in his employment with the City of Washington extended beyond the reorganization exception. He does not offer sufficient facts to show that the defendants' abolition of his position was a pretext and therefore has not shown that notice and hearing were required before dismissal. For the foregoing reasons we AFFIRM.[1]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 On October 29, 1990 Appellant Dudas filed a Motion To Supplement The Record with this court. The information appellant seeks to introduce is an advertisement published in August, 1990 for a position with the City of Washington that appears to include many of the responsibilities formerly performed by Appellant. Because this information was not before the district court at the time of its ruling, we decline to allow it to become part of the record on appeal