No. 2--07--0779     Filed: 11-30-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re ALEXANDER R. and CHARLES H., Minors | ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| | | Nos. 02--JA--28 03--JA--11 |
| (The People of the State of Illinois, Petitioner-Appellee, v. Alexander R., Sr., Respondent-Appellant). | | Honorable Kurt P. Klein, Judge, Presiding. |

PRESIDING JUSTICE GROMETER delivered the opinion of the court:

Respondent, Alexander R., Sr., appeals the judgment of the circuit court of De Kalb County terminating his parental rights to the minors, Alexander R. and Charles H. Respondent raises two issues on appeal. First, he contends that the trial court's order finding that the minors were neglected is contrary to the manifest weight of the evidence. Second, he argues that the order terminating his parental rights was entered erroneously because the trial court failed to identify the time period it considered as to whether he had failed to "make reasonable efforts to correct the conditions which were the basis for the removal of the children." See 750 ILCS 50/1(D)(m)(i) (West 2006). We find that we lack jurisdiction regarding the first order respondent challenges, so we dismiss that portion of the appeal. As to respondent's second point, we disagree and therefore affirm.

We lack jurisdiction regarding the order in which the neglect finding is embodied, because respondent did not appeal from that order in a timely manner. Pursuant to Supreme Court Rule

660(b), except in delinquency cases, "the rules applicable to civil cases" apply to appeals of proceedings under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1--1 et seq. (West 2006)). 134 Ill. 2d R. 660(b). Hence, in order to vest a reviewing court with jurisdiction, a notice of appeal must be filed within 30 days of a final order. In re Marriage of Singel, 373 Ill. App. 3d 554, 556 (2007). In this case, the minors were adjudicated neglected on February 11, 2003, and a dispositional order making them wards of the court was entered on April 25, 2003. Respondent filed his notice of appeal on August 3, 2007, which was within 30 days of the order terminating his parental rights.

We find this case controlled by In re M.J., 314 Ill. App. 3d 649 (2000). In that case, the court first noted that while an adjudicatory order is not a final and appealable order, a dispositional order generally is. M.J., 314 Ill. App. 3d at 654-55. The court explained:

"In this case, [the] respondent never filed a notice of appeal from the trial court's dispositional order. Furthermore, the notice of appeal that respondent filed does not mention the dispositional order or any of the neglect proceedings. Therefore, appellate jurisdiction was never perfected with respect to the neglect proceedings. We dismiss that portion of this appeal challenging the findings at the neglect proceedings." M.J., 314 Ill. App. 3d at 655.

Similarly, in this case, respondent did not file a notice of appeal until after his parental rights were terminated, over four years after the dispositional order in the underlying neglect proceeding. We therefore lack jurisdiction over and must dismiss that portion of this appeal. See also In re Janira T., 368 Ill. App. 3d 883, 891 (2006) (reviewing court lacked jurisdiction to consider issue of whether sufficient evidence supported trial court's findings of abuse and neglect where respondent failed to appeal adjudicatory order within 30 days of subsequent dispositional order).

Respondent next contends that the trial court "erred in failing to articulate the time period during which it assessed reasonable efforts to correct the condition[s] which were the basis [for] removal of the minor child[ren]." Section 1(D)(m) of the Adoption Act defines grounds for unfitness, in pertinent part, as:

"Failure by a parent (i) to make reasonable efforts to correct the conditions that were the basis for the removal of the child from the parent, or (ii) to make reasonable progress toward the return of the child to the parent within 9 months after an adjudication of neglected or abused minor under Section 2--3 of the Juvenile Court Act of 1987 or dependent minor under Section 2--4 of that Act, or (iii) to make reasonable progress toward the return of the child to the parent during any 9-month period after the end of the initial 9-month period following the adjudication of neglected or abused minor under Section 2--3 of the Juvenile Court Act of 1987 or dependent minor under Section 2--4 of that Act." 750 ILCS 50/1(D)(m) (West 2006).

Here, the trial court relied on subsection (i) in finding respondent unfit. The State also alleged that respondent failed to maintain a reasonable degree of interest, concern or responsibility as to the children's welfare (750 ILCS 50/1(D)(b) (West 2006)), but the trial court found that the State had not proven that ground.

Respondent complains that the trial court "did not articulate the time period being considered" with regard to its finding that he failed to make reasonable efforts to correct the conditions that were the basis for the removal of the children." This complaint is ill founded. There is only one time period relevant in judging the reasonable efforts of a parent. In In re Tiffany M., 353 Ill. App. 3d 883, 890 (2004), we explained:

"The nine-month periods that apply to each subsection are as follows: subsections (i) and (ii) are to be examined in light of only the first nine months after the adjudication of neglect, and subsection (iii) may be examined in light of any nine-month period following the expiration of the first nine months after the adjudication of neglect."

Applying this rule, both parties arrive at the proper conclusion that the applicable period ran for nine months following the date of the adjudication of neglect--February 11, 2003.

It is true, as respondent points out, that evidence of parental unfitness relating to periods outside of the initial nine months following the adjudication of neglect was admitted at the fitness hearing. The mere fact that this evidence was admitted is not problematic. In addition to the allegation regarding reasonable efforts and reasonable progress, the State had also alleged that respondent did not maintain a reasonable degree of interest, concern, or responsibility regarding the children's welfare. See 750 ILCS 50/1(D)(b) (West 2006). This ground of unfitness is not subject to the time limitations contained in section 1(D)(m) of the Adoption Act. See 750 ILCS 50/1(D)(b) (West 2006); In re Grant M., 307 Ill. App. 3d 865, 869 (1999) ("In this case, the evidence is undisputed that, during the first five years Grant was in foster care with Rosie, Arthur demonstrated an almost total lack of interest, concern, or responsibility as to Grant's welfare"). Since evidence from outside of the nine-month period following the adjudication of neglect was relevant to the other ground alleged by the State, its admission was not improper.

One additional question remains: Was the trial court required to expressly state on the record that it was not relying on evidence from outside of the relevant nine-month period in making its finding that respondent failed to make reasonable efforts to correct the conditions that were the basis for the removal of the minors? Requiring such a finding would contradict some well-established

principles of appellate review. Normally, we "presume that the trial judge knows and follows the law unless the record indicates otherwise." People v. Gaultney, 174 Ill. 2d 410, 420 (1996); see also In re Marriage of Sharp, 369 Ill. App. 3d 271, 278 (2006) ("Thus, because the record does not allow us to know what occurred at this hearing or the basis for the court's support order, we must presume that the court followed the law and had a sufficient factual basis for its ruling"). Similarly, unless the record reveals otherwise, the trial court is presumed to disregard incompetent evidence. People v. Gant, 18 Ill. App. 3d 61, 66 (1974) ("Ordinarily, we would presume that a trial judge would disregard incompetent evidence at a presentence hearing [citation], but where the record shows that the judge allowed his determination of what sentence to impose to be affected by incompetent evidence, then we must vacate the sentence"); see also People v. Cortes, 181 Ill. 2d 249, 291 (1998); Ferguson v. Bill Berger Associates, Inc., 302 Ill. App. 3d 61, 76 (1998). Furthermore, it is usually the appellant's burden to affirmatively demonstrate error from the record. See People v. Majer, 131 Ill. App. 3d 80, 83 (1985) ("The well-established rule is that an appellant must demonstrate the existence of error in the record and failure to do so creates a presumption of regularity that attaches to all trial court proceedings"); Schioniger v. County of Cook, 116 Ill. App. 3d 895, 899 (1983) ("The presumption on appeal is that the trial court heard sufficient evidence on which to base its judgment, and the appellant has the burden of demonstrating that the record fails to support that judgment").

If we were to answer this final question affirmatively and find error from the trial court's failure to explain that it was applying section 1(D)(m) properly, we would be ignoring all of these principles. In effect, we would be saying that the trial court was not aware of the nine-month limitation contained in section 1(D)(m) of the Adoption Act (750 ILCS 50/1(D)(m) (West 2006)), or that, despite knowing of this limitation, it ignored it. Further, such a holding would imply that the

trial court failed to disregard incompetent evidence, at least on the assumption that it knew of the limitations period. Most importantly, we would be saying those things without anything in the record indicating that the trial court did not know the law or knew it but failed to apply it.

We think it the better course to apply the three principles listed above. First, since the record does not contain any indication to the contrary, we presume that the trial court was aware of cases like Tiffany M., 353 Ill. App. 3d at 890, which hold that the period relevant in finding whether a parent failed to make reasonable efforts to correct the relevant conditions is the nine months following the adjudication of neglect. Second, we presume that the trial court applied this provision and disregarded evidence from outside the nine-month period when ruling on the section 1(D)(m) allegations, because there is nothing in the record that supports a contrary conclusion. Finally, we conclude that because respondent, being the appellant, has failed to carry his burden of demonstrating error, the proper course is to affirm.

The Fourth District of the Appellate Court holds that, to the contrary, "when the record is unclear whether the trial court examined events outside of the statutory time frame of section 1(D)(m), then the case should be remanded with directions to determine unfitness only by reference to events within the statutory time frame." In re Brianna B., 334 Ill. App. 3d 651, 657 (2002). In other words, that court presumes error where the record does not affirmatively show its absence. We do not believe this to be the proper approach. Brianna B., 334 Ill. App. 3d at 657, cites In re J.D., 314 Ill. App. 3d 1109, 1110 (2000), in support of its holding. J.D., 314 Ill. App. 3d at 1110, in turn, cites In re E.B., 313 Ill. App. 3d 672, 674 (2000). While we believe that E.B. was correctly decided, J.D. constituted an unwarranted application of an otherwise sound rule, and Brianna B. continued the error.

E.B. was decided in the wake of In re D.L., 191 Ill. 2d 1, 10 (2000), where our supreme court first held that the time limits contained in section 1(D)(m) of the Adoption Act apply to the "reasonable efforts" as well as the "reasonable progress" grounds contained in that section. Prior to D.L., numerous courts (see D.L., 191 Ill. 2d at 15 (Freeman, J., specially concurring) (collecting cases)), including the Fourth District (see In re K.B.J., 305 Ill. App. 3d 917, 922 (1999)), held that the nine-month limitation applied only to the "reasonable progress" ground. Two allegations of unfitness were at issue in E.B. The State alleged that the respondent was unfit because (1) she failed "to make reasonable progress toward the return of the minors within 12 months of the adjudication of neglect,"[1] and (2) she failed "to make reasonable efforts to correct the conditions that were the basis for the removal of the minors." E.B., 313 Ill. App. 3d at 673-74, citing 750 ILCS 50/1(D)(m) (West Supp. 1997). The trial court apparently heard evidence concerning events outside of the 12-month period then specified in the statute, for the E.B. court held, "Because the record is unclear as to whether the circuit court examined events outside this time frame, we vacate the circuit court's adjudication of [the respondent's] unfitness and remand with directions to review the evidence presented to determine [her] fitness only by reference to the nine months immediately following the adjudication." E.B., 313 Ill. App. 3d at 674.

---

[1]Section 1(D)(m) of the Adoption Act was subsequently amended, reducing the time period from 12 months to 9 months. See 750 ILCS 50/1(D)(m) (West 2006). The amendment apparently occurred during the pendency of the case, as the State's allegations were based on the 12-month version of the statute (see E.B., 313 Ill. App. 3d at 673-74); however, the E.B. court itself later referred to the 9-month version (see E.B., 313 Ill. App. 3d at 674).

In E.B., the time limit contained in section 1(D)(m) applied to both allegations of unfitness that were at issue. There was no additional ground of unfitness alleged to which evidence would have been relevant concerning events occurring outside the statutory time frame. As noted above, we "presume that the trial judge knows and follows the law unless the record indicates otherwise." Gaultney, 174 Ill. 2d at 420. In E.B., the admission of evidence from outside the statutory period, coupled with the fact that there was no other allegation to which this evidence could have been relevant, indicated that the trial judge believed it relevant to the two allegations that were at issue. In other words, there was an indication in the record that the trial court did not either know or follow the law. Because the record "indicate[d] otherwise," application of the presumption was not warranted. The presumption that the trial court disregarded incompetent evidence was subject to the same qualification. See Gant, 18 Ill. App. 3d at 66. Thus, E.B. is entirely consistent with these presumptions, as it provides a clear example of when they should be disregarded.

J.D. and Brianna B., on the other hand, do not. In J.D., 314 Ill. App. 3d at 1109-10, four allegations of unfitness were at issue: (1) failure to make reasonable progress within the statutory time frame (750 ILCS 50/1(D)(m) (West 1998)); (2) failure to protect the children from conditions within their environment that were injurious to their welfare (750 ILCS 50/1(D)(g) (West 1998)); (3) failure to make reasonable efforts to correct the conditions that were the basis for the removal of the minors (750 ILCS 50/1(D)(m) (West 1998));[2] and (4) repeated and substantial neglect of the minors (750

---

[2] This case was filed prior to D.L., 191 Ill. 2d at 10, so no time period was alleged. It is important to note that the trial court found that the State had not proven this ground, so there was no question as to whether the trial court improperly considered evidence from outside of the statutory time frame with respect to this count. J.D., 314 Ill. App. 3d at 1110.

ILCS 50/1(D)(d) (West 1998)). The trial court found that the State had proven only the first two counts. On appeal, the State conceded that the trial court's finding regarding the second count was error, leaving only the reasonable-progress count for further consideration. Evidence was presented concerning events that occurred throughout the four-year period following the adjudication of neglect. The J.D. court ruled:

"The record is unclear whether the trial court examined events outside of the statutory time frame in determining whether respondent parents made reasonable progress. Because the trial court, not this court, has the function to assess witness credibility and draw inferences from the evidence [citation], we vacate the trial court's adjudication of unfitness and remand with directions to review the evidence submitted to determine respondent parents' unfitness only by reference to events within the statutory time frame, counting from the filing of the dispositional order." J.D., 314 Ill. App. 3d at 1110.

As in E.B., the court's holding in J.D. was based upon the trial court's apparent failure to specify upon what it was basing its decision and the lack of clarity resulting therefrom. However, unlike in E.B., the evidence in the record pertaining to matters outside of the period specified in section 1(D)(m) was relevant to other allegations properly at issue in the trial, because, in J.D., the State did not limit its allegations of unfitness to section 1(D)(m). Particularly, proving "substantial neglect" under section 1(D)(d) allows for the consideration of evidence from a broader time span. See In re D.F., 201 Ill. 2d 476, 501 (2002) ("In addition, respondent deliberately kept E.K. and T.K. hidden from their father for four years, during which she moved seven times"). Since evidence of conduct outside of the period specified in section 1(D)(m) was relevant to something properly provable at trial, the mere fact that such evidence was presented did not support an inference that it was misused. In E.B., because

there was nothing that the trial court could have done with the evidence but misuse it, clarification was necessary. In J.D., the trial court could have considered evidence pertaining to events that occurred outside the statutory limit in ruling on other allegations and considered evidence only of events occurring within the statutory period in resolving the lack-of-reasonable-progress allegation. Indeed, the presumptions that, absent a contrary indication in the record, the trial court knows and follows the law and disregards incompetent evidence militate for this conclusion. Furthermore, unless the respondent, as appellant, can point to something that shows that the trial court considered incompetent evidence, he has not carried his burden to affirmatively show error. See Schioniger, 116 Ill. App. 3d at 899. This further distinguishes E.B. (and the present case) from J.D. because the respondent in E.B. could point to the admission of the evidence itself as an affirmative indication that the trial court erred.

Brianna B., 334 Ill. App. 3d 651, makes the same error as J.D. In that case, allegations of unfitness under section 1(D)(m) were again at issue. Brianna B., 334 Ill. App. 3d at 656. Additionally, the State had alleged that the respondent failed to maintain a reasonable degree of interest, concern, or responsibility regarding the minor (750 ILCS 50/1(D)(b) (West 1998)). Brianna B., 334 Ill. App. 3d at 655. The trial court heard evidence concerning events "well beyond the nine-month cutoff." Brianna B., 334 Ill. App. 3d at 657. Presumably, this evidence was presented because it was relevant to the ground for unfitness contained in section 1(D)(b). The Brianna B. court, relying on J.D., remanded the case because the record was unclear as to whether the court relied on evidence from outside the statutory time frame in ruling on the section 1(D)(b) allegations. Brianna B., 334 Ill. App. 3d at 657. Hence, like J.D., Brianna B. failed to acknowledge that evidence from outside of the nine-month period contained in section 1(D)(m) is relevant to allegations based on other subsections. The Brianna B. court then took the same step as the J.D. court by assuming error when

the record did not affirmatively show propriety. As noted above, proceeding in this manner runs counter to several established principles of appellate review.

Accordingly, we decline to follow Brianna B. and J.D. The instant case is virtually identical to Brianna B. in a number of relevant aspects. In both cases, the State alleged unfitness based on both section 1(D)(m) and section 1(D)(b). Both trial courts determined that the State had failed to prove that the respective respondents did not maintain a reasonable degree of interest, concern, or responsibility for their children (750 ILCS 50/1(D)(b) (West 1998)). Both courts heard evidence regarding events that occurred outside the period specified in section 1(D)(m). Neither court stated that it was considering evidence only from within the statutory period with regard to allegations under section 1(D)(m).

Unlike the Brianna B. court, we will not presume that the trial court erred simply because it did not specifically state that, in ruling on the allegations under section 1(D)(m), it was considering evidence only from within the statutory period. Instead, we will, as is the norm, presume that the trial court knew and followed the law. See, e.g., Sharp, 369 Ill. App. 3d at 278. As is also typical, we will further presume that, for the purpose of resolving the section 1(D)(m) allegations, the trial court disregarded the evidence that was relevant only to the allegations made pursuant to section 1(D)(b). See, e.g., Gant, 18 Ill. App. 3d at 66. Finally, because respondent has not demonstrated error, we will affirm. Schioniger, 116 Ill. App. 3d at 899.

In light of the foregoing, the decision of the circuit court of De Kalb County terminating the parental rights of respondent is affirmed. We dismiss that portion of this appeal pertaining to any alleged error in the underlying neglect proceeding.

Appeal dismissed in part; judgment affirmed.

O'MALLEY and CALLUM, JJ., concur.