NOTICE

Decision filed 10/17/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240615-U

NO. 5-24-0615

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| TREVA S. | ) | Johnson County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| and | ) | No. 20-D-22 |
| | ) | |
| DREW T., | ) | Honorable |
| | ) | Sarah K. Tripp, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Presiding Justice Vaughan and Justice Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where appellant Treva S. failed to comply with the requirements of Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) in filing her brief with this court, she forfeited any arguments challenging the trial court's order.

¶ 2    Treva S. appeals from the trial court's May 7, 2024, order modifying parenting responsibilities regarding health and medical care but denying her requests for modification of parenting responsibilities for extracurriculars and modification of parenting time. Because we find that Treva S. forfeited her challenge to these rulings by failing to comply with Illinois Supreme Court Rule 341(h)(7), we must affirm the order entered by the trial court.[1]

_____

[1]Pursuant to Illinois Supreme Court Rule 311(a)(5) (eff. July 1, 2018), our decision in this case was due on or before October 4, 2024, absent good cause shown.  Both parties sought and were given extensions of time in which

1

¶ 3                                I. BACKGROUND

¶ 4     Treva S. (Treva) and Drew T. (Drew) were married in 2015 and are parents of two boys born during the marriage, Han. T. (born March 17, 2017) and Har. T. (born December 11, 2018). The parties were divorced on July 13, 2021. The 2021 judgment of dissolution contained a paragraph limiting contact between Treva and Drew. Only child-related contact was allowed, which was restricted to text or email. The parenting plan provided for the parties to have alternating weeks with the boys.

¶ 5     On October 27, 2022, Treva filed her petition to modify parenting time and responsibilities alleging that there had been a substantial change of circumstances necessitating modifications to the original order and claiming that the children's present environment seriously endangered the boys' mental and moral health and would impair their emotional development. In her petition, Treva alleged numerous specific instances involving Drew beginning nine days after entry of the July 2021 parenting plan. These instances included Drew allegedly using profane language in the presence of the boys, Treva blocking Drew's phone, the boys being banned from their daycare because of Drew's behavior, lack of structure for the boys during their weeks with Drew, his pending Jackson County criminal case for battery and physical damage to property over $500, Drew being a "bully" and a "narcissist," and Treva not being able to communicate with Drew because "he does not know how to communicate without harassing, belittling and being a terrible person."

¶ 6     Treva filed a petition for an order of protection against Drew on November 1, 2022, for an incident the previous evening when Drew took the boys from Treva. Treva and Drew both claimed they had Halloween parenting time. Drew allegedly used inappropriate language in front of the

to file their briefs, and Drew T. filed a motion to strike the appellant's brief and dismiss the appeal, which was denied. Consequently we find good cause for issuing a decision after the due date.

boys. In her petition, Treva alleged: "His abusive behavior continues and I am scared he will take the kids and run." The trial court entered an emergency order but later denied Treva's request for a plenary order.

¶ 7      On March 25, 2024, Treva filed another petition for an order of protection against Drew. At issue was an allegation that on March 22, 2024, she received a text message from Drew's neighbor, Ashton Crites, who informed her that there had been an incident where the boys were left unsupervised, and later Drew was allegedly heard yelling at Han. T. to "shut the fuck up." Items were heard being thrown about in Drew's apartment. Han. T. exited the apartment and was crying. Treva also listed previous incidents in her petition, including a time in October 2023 when Drew allegedly held Har. T. upside down by a leg and yelled at him, and Drew not supervising the children by leaving them in the car when he entered a store. Treva alleged: "I am scared that if Drew continues to have the children without help then there will be something that happens where the children are harmed." The trial court heard the emergency order of petition on the date it was filed. Drew was present for the hearing; the trial court declined to enter the emergency order and set the matter for a plenary hearing the following week. The plenary hearing was held on April 1, 2024, after which the trial court declined to enter a plenary order but stated that it believed that the incidents Treva alleged did occur. The court then restricted Drew's parenting time to occur when his current wife, Breanna, is home pending the court's ruling on Treva's petition to modify parenting time and responsibilities, concluding that any additional restrictions should be imposed by Judge Tripp, who was assigned to that case.

¶ 8      A court-appointed guardian *ad litem* (GAL) for the children met with both parents and visited both homes while the two boys were present. The GAL then filed a report recommending some modifications to the parenting plan. The GAL prefaced his recommendations by stating that

his concern with Drew was that he "still has issues to address and the improvements made in relation to the children's behavior have occurred in spite of Father's behavior, not because of Father's improvement since being with [his current wife]." He recommended that both parties utilize a specific communication application "for any and all communication or notifications regarding the children." The GAL recommended that Treva be awarded sole decision-making for health and extracurriculars and that Drew undergo anger management classes and counseling to assist in his impulse control issues. Finally, the GAL recommended a modification in parenting time consistent with the order previously entered by the judge in the recent order of protection— allowing Drew to only exercise parenting time if his current wife, Breanna, is present. However, the GAL recommended that after Drew completed anger management and counseling, the court should revisit the issue. Finally, the GAL recommended that both boys engage in counseling "to assist with the goal of addressing any potential impulse control issues."

¶ 9 On May 7, 2024, the trial court entered its judgment order following a two-day hearing. The court concluded that there had been a substantial change of circumstances (750 ILCS 5/610.5(c) (West 2022)) warranting a need for modification of the July 13, 2021, parenting plan. The court concluded that it was in the best interest of the boys to make the following modifications: (1) Treva would receive sole decision-making responsibility for health and medical care issues due to the parties' inability to work together, (2) both Treva and Drew must utilize the GAL-recommended communications application, (3) there would be no change to the joint decision-making responsibility for extracurriculars, and (4) the parenting time should return to one week on and one week off as under the original plan.

¶ 10   The trial court's order expressly referenced applicable statutory requirements, its consideration of testimony and arguments of counsel, and the GAL's recommendations, and stated:

> "Under the law, it is presumed that both parties are fit, and the Court shall not place restrictions on parenting time, unless it is proven by a preponderance of the evidence that a parent's exercise of parenting time would seriously endanger the child's physical, mental, moral or emotional health. While the Court notes that the *** actions of [Drew] towards the minor children (at times) were inappropriate and in poor judgment, the Court finds that [Treva] has failed to establish that [Drew's] exercise of unrestricted parenting time would seriously endanger the child[ren]'s physical, mental or emotional health. The Court does believe it would be in the best interest of the children for [Drew] to undergo an Anger Management evaluation and any recommended treatment to address [Drew's] impulse/anger issues, that not only affect his parenting but have also been a significant hindrance in his ability to co-parent and communicate regarding the children with [Treva]."

¶ 11   Treva appeals from the trial court's May 7, 2024, judgment order, arguing that the trial court erred in not modifying parenting time and failing to give her sole decision-making responsibility over extracurricular activities. She also contends that the trial court failed to find that the children were seriously endangered by Drew.

¶ 12   After Treva filed her opening brief in this appeal, on August 1, 2024, Drew's attorney filed a motion to strike Treva's brief and dismiss the appeal on the basis that the brief failed to comply with the mandates of Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). Because of these flaws in the brief, Drew argued that he was unable to ascertain the foundations of Treva's alleged

arguments, and thus did not know how to respond to some arguments raised in her brief. This court denied Drew's motion on August 13, 2024, noting that while Treva's brief "provides scant argument and authority *** counsel for appellant is a licensed attorney capable of following Supreme Court Rules" and that any argument Treva failed to raise in her brief would be forfeited. *In re Marriage of Reicher*, 2021 IL App (2d) 200454.

¶ 13                                    II. ANALYSIS

¶ 14     Illinois Supreme Court Rule 341 "represents our supreme court's considered opinion of the format that best facilitates the clear and orderly presentation of arguments." *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 15. Moreover, the procedural rules which govern the content and form of briefs on appeal "are mandatory and not suggestions." *Litwin v. County of La Salle*, 2021 IL App (3d) 200410, ¶ 3.

¶ 15     At issue is Treva's attorney's compliance with Illinois Supreme Court Rule 341(h)(7), which addresses the argument section of the brief and mandates:

"The appellant's brief shall contain the following parts in the order named:

* * *

(7) Argument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. Evidence shall not be copied at length, but reference shall be made to the pages of the record on appeal where evidence may be found. Citation of numerous authorities in support of the same point is not favored. Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 16    Treva's first argument challenges the trial court's decision not to modify parenting time and decision-making for extracurriculars. She identifies the correct standard of review as the manifest weight of the evidence. See *In re Marriage of Bates*, 212 Ill. 2d 489, 515 (2004); *In re Marriage of Burns*, 2019 IL App (2d) 180715, ¶ 24; *In re Marriage of Romano*, 2012 IL App (2d) 091339, ¶ 44. Treva also cites to the relevant statutes that guide trial courts on issues involving modification of parenting time and duties, noting that the trial court must consider the child's best interest and must also conclude that there has been a substantial change in circumstances before modification is warranted. 750 ILCS 5/602.5(c)(5), 602.7 (West 2022). However, she makes no articulate argument in support of her challenges to the trial court's ruling. She simply asserts generalized error by the trial court without citing any specifics. Treva asserts speculative factual arguments about the court's decision not to modify extracurricular decision-making duties. For example, even though Drew complied with the soccer extracurricular schedule for Han. T during the spring 2024 season, Treva "argues" that Drew was only "on board" because Han. T. had achieved "all star" status. She then speculates that: "Had Drew determined that he didn't want [Han. T.] to play soccer in the spring, it is doubtful that [Han. T.] would [participate while] on Drew's time."

¶ 17    Regarding parenting time, Treva concludes that "Judge Tripp did not address the remaining evidence of all of the issues the parties had with the parenting time." Without identifying what "remaining evidence" she was referring to, she only cited the statute listing the relevant factors to be considered by the trial court. *Id.* § 602.7. As another example, Treva "argues," without any citation to the record, that because Han. T. was living with Drew during the first week of kindergarten, Han. T.'s action in kicking a girl in the stomach was "environmentally" Drew's fault because he had allegedly kicked the children in the past.

¶ 18     An appellant's brief should direct the other party and the reviewing court in detail to the arguments made and the relief sought. In Treva's first section requesting reversal of the trial court's ruling on extracurricular decision-making duties, we are unable to determine if she is arguing that the trial court improperly failed to weigh a statutory factor (*id.* § 602.5); if the court failed to consider some or all of the statutory factors (*id.*); or if the court's factual findings were unsupported by evidence. In the second section of Treva's brief requesting reversal of the trial court's decision not to modify parenting time, she again generally asserts error and asks us to reverse. Whether the trial court erred in its factual findings involving serious endangerment of the children cannot be determined based upon her conclusory argument alone. Critically, Treva's brief fails to cite to any fact in the record, or any relevant caselaw, to support her blanket conclusion that the trial court's decision was unreasonable, arbitrary, or not based on evidence, and thus, was contrary to the manifest weight of the evidence.

¶ 19     Although Treva copied portions of the trial court's findings at the conclusion of the hearing, the trial court's written order, and the text of relevant statutes, this does not cure the failure of her brief to include an argument containing her contentions and the reasons therefor, with citations of the authorities and the pages of the record relied on. Treva did cite to the cases of *In re Marriage of Mayes*, 2018 IL App (4th) 190149, and *In re Marriage of Hipes*, 2023 IL App (1st) 230953, but failed to make any argument regarding how the facts in those cases are in any way analogous to the facts in this case.

¶ 20     As the court stated in *Marriage of Reicher*, 2021 IL App (2d) 200454, ¶ 33: "This court is not a repository into which a party may dump the burden of argument and research." A court of review is entitled to have issues on appeal clearly briefed and legal argument presented. *Holmstrom v. Kunis*, 221 Ill. App. 3d 317, 325 (1991). The appellate court has no responsibility to search the

record and/or craft legal analysis to develop a party's argument when an appellant has not made a good-faith effort to comply with Illinois Supreme Court rules. *Hall*, 2012 IL App (2d) 111151, ¶ 15 (quoting *In re Estate of Parker*, 2011 IL App (1st) 102871, ¶ 47). We are cognizant that forfeiture of arguments on appeal is a harsh sanction and "is appropriate only when the violations of procedural rules hinder our review." *Id.* (citing *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005)). However, where the arguments of counsel contained in the brief are conclusory and fail to cite applicable law, forfeiture of the arguments is circumstantially appropriate. *Id.*

¶ 21    "Generally, we presume that a trial court knows the law and follows it accordingly." *In re Custody of G.L.*, 2017 IL App (1st) 163171, ¶ 43 (citing *In re Alexander R.*, 377 Ill. App. 3d 553, 556 (2007)). Accordingly, because Treva has forfeited any argument that the trial court's findings were against the manifest weight of the evidence, we affirm.


¶ 22    Affirmed.