2024 IL App (1st) 230735-U

FIRST DIVISION
March 25, 2024

No. 1-23-0735

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| OLUBUNMI OWAGBORIAYE, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
|     Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2021 M1 300807 |
| | ) | |
| RAJASHREE SEN and ATLAS REALTY | ) | The Honorable |
| GROUP, | ) | John Simon, |
| | ) | Judge Presiding. |
|     Defendants-Appellees. | ) | |

_____

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

*HELD*: This appeal is dismissed because of the appellant's failure to comply with the requirements of Illinois Supreme Court Rule 341. Ill. S. Ct. R. 341 (eff. Oct. 1, 2020).

¶ 1    Plaintiff-Appellant Olubunmi Owagboriaye (plaintiff) appeals, *pro se*, from a trial court order granting defendants-appellees Rajashree Sen and Atlas Realty Group's (defendants or as named) motion to debar her arbitration award rejection and denying her motion to vacate the judgment award. She contends that the court erred in granting the debarment because she

did her best in pursuing her case. She asks that we reverse and remand for further proceedings, including a trial. For the following reasons, we dismiss the instant cause due to plaintiff's failure to comply with the rules governing appellate briefs and the numerous defects in the record, which preclude consideration of her appeal.

¶ 2                                                    BACKGROUND

¶ 3        From the sparse record before us, we have gleaned the following relevant facts and procedural history.

¶ 4        In June 2022, plaintiff filed, *pro se*, a personal injury lawsuit against defendants, the landlord and property management company of a building, alleging she fell on some "thick ice," was transported via ambulance to a local hospital, and sustained injuries. Defendants, represented by counsel, filed a motion to dismiss pursuant to section 2-615 of the Illinois Code of Civil Procedure (Code) (see 735 ILCS 5/2-615 (West 2020)). The matter proceeded to arbitration and on October 11, 2022, an award was entered in favor of defendants and against plaintiff, with plaintiff therefore receiving $0.

¶ 5        On October 25, 2022, plaintiff filled out a preprinted court form entitled "Notice of Rejection of Award." Although she filled out the top of the form providing the date of the award, her contact information, and her signature, she left the Proof of Service section completely blank. Accordingly, she did not reference counsel for defendants, she did not provide a date upon which she served counsel with her notice of rejection, she did not indicate the method by which she served counsel, and she did not obtain the signature of a notary public—all information required to be supplied and attested to in the form.

¶ 6    On November 28, 2022, upon a motion filed by counsel for defendants, the trial court issued a Judgment on Award of Arbitration. In its written order, the court noted that the award had, again, been in favor of defendants and against plaintiff, that it had been filed with the court, and that "a notice of rejection has not been filed" by plaintiff.

¶ 7    On December 2, 2022, plaintiff filed more preprinted court forms. Among these was a motion form wherein she stated only that she was seeking a "new date & time" for a "court date" she "missed due to unforeseen circumstances;" it is wholly unclear to what she is referring. In the Proof of Delivery section, she stated she was sending the motion to counsel for defendants; however, instead of doing so via email, she checked the box marked "mail or third-party carrier" under the instructions to do so only if a party does not have an email address;[1] she also failed to sign the bottom portion certifying that everything in the Proof of Delivery section was true and correct and she failed to provide her name, address, contact information or any attachment. In a second form, plaintiff filled in blanks stating that "The hearing for the *Motion* I filed is scheduled for: * * * 12/19/2022 at 11:00am." (Emphasis in original.) In the Proof of Delivery section, she stated she was sending notice to counsel, but she did not check any of the boxes regarding method of delivery and, although she checked the last option stating she "completed an *Additional Proof of Delivery* form" (emphasis in original), she did not attach any documents.

---

[1] Counsel for defendants made clear at the outset of the litigation her email information and included it in all court documents; plaintiff utilized that email address in certain pleadings. Plaintiff never stated in any court document that she did not have access to email. In fact, the record demonstrates that she listed "internet" as an expense in her application for waiver of court fees, she wrote her email address on certain pleadings (but later crossed it out), and she used her email address in documents filed in the instant appeal.

¶ 8    The record next reveals that a hearing was held in the trial court on December 19, 2022, as plaintiff had requested. However, no corresponding transcript or bystander's report is included here. The trial court's written order states that counsel for defendants was present, but plaintiff was not, and the court struck plaintiff's motion.

¶ 9    On December 20, 2022, plaintiff filed a series of motions and notices. One was a motion to "compel discovery;" she provided no other content or explanation. Despite knowing defendants were represented, plaintiff stated in the Proof of Delivery section that she was sending a copy of the motion to defendants via personal hand delivery. She accompanied this with a Notice of Court Date for Motion form, wherein she wrote that a hearing on her motion would take place on January 6, 2023. Again, she listed only defendants in the Proof of Delivery section. Another motion she filed was entitled "Vacate Judgment Awarded." In the Proof of Delivery section, she again stated was sending the motion to defendants via personal hand delivery.

¶ 10   Eventually, defendants filed a motion to debar plaintiff's rejection of the arbitration award for lack of proper service. In her response, plaintiff admitted that when she filed her motions on December 20, 2022, she sent the notices to defendants rather than their counsel despite knowing they were represented "because the defendant's [*sic*] lawyer's contact address was not handy then."

¶ 11   The trial court held a hearing on the parties' open motions. There is no transcript or bystander's report in the record. In its written order, dated April 4, 2023, the court acknowledged that both plaintiff and counsel for defendants were present. It then denied plaintiff's motion to vacate judgment award and granted defendants' motion to debar. The

court stated that plaintiff's notice of rejection had not been served on counsel for defendants and that she had failed to file a certificate of service of the notice of rejection as required by Illinois Supreme Court Rule (Rule) 93(a). Accordingly, the court ordered that the judgment on award entered by the arbitrators in favor of defendants and against plaintiff "shall stand."

¶ 12                                                    ANALYSIS

¶ 13        On appeal, plaintiff seemingly, and solely, argues that the trial court erred in granting defendants' motion to debar because she did her best and had no "purposeful improper intent" in failing to provide notice to their counsel of the various motions she filed during this litigation and in failing to abide by our supreme court rules.

¶ 14        As a threshold matter, we note for the record that defendants filed in our Court a motion to strike plaintiff's brief on appeal for violations of Rules 321, 341 and 342. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021); Ill. S. Ct. R. 341 (eff. Oct. 1, 2020); Ill. S. Ct. R. 342 (eff. Oct. 1, 2019). That motion was taken with the case, and we address it now.

¶ 15        It is indisputable that plaintiff's brief, which can at best be described as cursory, fails to comply with the supreme court rules governing appellate review. For example, Rule 341(h)(6) states that the appellant's statement of facts "shall contain the facts necessary to an understanding of the case, stated accurately * * *, and with appropriate references to the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Similarly, Rule 341(h)(7) directs that the appellant's arguments be supported by citation to relevant legal authority and by "the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1. 2020). Additionally, it is well established that a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*,

253 Ill. App. 3d 677, 682 (1993). "The failure to elaborate on an argument, cite persuasive authority, or present a well-reasoned argument violates Rule 341(h)(7) and results in waiver of that argument." *Sakellariadis v. Campbell*, 391 Ill. App. 3d 795, 804 (2009). "The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues involved." *Hall v. Naper Gold Hospitality, LLC*, 2012 IL App (2d) 111151, ¶ 7.

¶ 16    In the instant cause, plaintiff's brief fails to meet a great majority of the requirements mandated by these rules. For example, there is no Table of Contents or Points and Authorities section and no introductory paragraph regarding the Nature of the Case or Statement of Jurisdiction. While she provides a Statement of Facts section, there is not a single citation to the record on appeal. Indeed, plaintiff repeatedly includes "facts" she insists occurred and references items like photographs, legal communications with attorneys, and appearances before "the Judge" that we are wholly unable to locate, and thus verify, anywhere in the record before us. Further, she does not provide a standard of review and her Argument section comprises less than a page; it is barely developed and does not contain any citation to legal authority. And, she fails to provide an Appendix or the contents required in one, such as the judgment appealed from, any pleadings, or her notice of appeal.

¶ 17    Compliance with Rule 341 is not an inconsequential matter. Supreme court rules " ' "are not aspirational. They are not suggestions. They have the force of law, and the presumption must be that they will be obeyed and enforced as written." ' " *Rodriguez v. Sheriff's Merit Commission of Kane County*, 218 Ill. 2d 342, 353 (2006) (quoting *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 494 (2002) (quoting *Bright v. Dicke*, 166 Ill. 2d 204, 210

(1995))).  Where an appellant's brief fails to comply with the supreme court rules, this Court

has the inherent authority to strike the brief and dismiss the appeal.  See *McCann v. Dart*,

2015 IL App (1st) 141291, ¶ 12; see also *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005);

*Coleman v. Windy City Balloon Port, Ltd.*, 160 Ill App. 3d 408, 419 (1987) ("without

adequate support in the record, an allegation included in the statement of facts contained in

an appellate brief lies outside the record [citation]; * * * [and] should be stricken and not

considered on appeal").

¶ 18        While we recognize that plaintiff here is proceeding *pro se*, we note that this status does

not relive her of the obligation to comply with the Rules.  To the contrary, our courts have

repeatedly held that "a *pro se* litigant * * * is not entitled to more lenient treatment than

attorneys."  *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78.  Thus, parties choosing to

represent themselves without a lawyer must comply with the same rules and are held to the

same standards as licensed attorneys.  See *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8

(compliance with rules governing briefs on appeal is compulsory regardless of a party's

status); *Matlock v. Illinois Department of Employment Security*, 2019 IL App (1st) 180645, ¶

14, and *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 11 (content and

formatting rules are mandatory, *pro se* litigants are not absolved from these requirements); *In

re Estate of Pellico,* 394 Ill. App. 3d 1052, 1067 (2009) ("*pro se* litigants are presumed to

have full knowledge of applicable court rules and procedures and must comply with the same

rules and procedures as would be required of litigants represented by attorneys").  It is a

choice *pro se* litigants make to proceed on their own, and they are charged with the risks they

assume by doing so, whatever they may be.  See *Matlock*, 2019 IL App (1st) 180645, ¶ 14,

and *Wing*, 2016 IL App (1st) 153517, ¶ 11 (a reviewing court may choose to dismiss an appeal upon the failure to abide by rules regarding briefs on appeal); *Dart*, 2015 IL App (1st) 141291, ¶ 12; see also *Marriage of Petrik*, 2012 IL App (2d) 110495, ¶ 38 (reviewing court has every right to strike an appellant's brief and dismiss her cause when her rule violations impede review).

¶ 19    Accordingly, we grant defendants' motion taken with this case and, in our discretion, we strike plaintiff's brief and dismiss this appeal. See *Dart*, 2015 IL App (1st) 141291, ¶ 12; accord *Matlock*, 2019 IL App (1st) 180645, ¶ 14, and *Wing*, 2016 IL App (1st) 153517, ¶ 11.

¶ 20    That said, we observe that even if we were inclined to consider the appeal on the merits, defects in the record preclude us from doing so.  See *In re Estate of Jackson*, 354 Ill. App. 3d 616, 62-21 (2004).  Plaintiff's *pro se* brief alleges that the trial court erred in entering the final order in this cause, namely, in granting defendants' motion to debar and denying her motion to vacate judgment award.  She asserts, without more, that the court "reversibly erred" in doing so because "the facts at hand did not support" its decision.  Fatal to plaintiff's contentions, however, is the fact that the record on appeal is devoid of any information from which we could determine whether the arguments in her *pro se* brief have any merit.

¶ 21    Specifically, from what we can glean within the sparse record that is presented, there were at least two hearings conducted by the trial court.  One took place on December 19, 2022, as requested by plaintiff herself.  It is wholly unclear what prompted that hearing; all that is clear is that plaintiff did not attend and the trial court struck whatever motion she had filed to obtain that court date.  The second hearing (we do not know for certain its date) resulted in the trial court's April 4, 2023 written order.  This order confirmed the parties were

present, and it denied plaintiff's motion to vacate judgment award and granted defendants' motion to debar, declaring that the judgment on award entered by the arbitrators in favor of defendants and against plaintiff "shall stand."

¶ 22    Clearly, the record on appeal does not contain any report of the proceedings below, nor any acceptable substitute such as a bystanders' report, or an agreed statement of facts, as authorized under Rule 323 (Ill. S. Ct. R. 323 (eff. Dec. 13, 2005)). Without such a report of the proceedings, we have no basis of knowing what evidence, testimony, or arguments were presented at these hearings, on what basis the trial court entered the order granting defendants' motion to debar, and whether such judgment was against the manifest weight of the evidence.  Similarly, we have no way of knowing what testimony plaintiff presented in support of her motion to vacate judgment award, and whether she offered any evidence of her reasonable efforts or "best intentions" to abide by court rules in pursuing this appeal, which seem to be the crux of her argument before us.  As such, we can only speculate as to the trial court's reasons for denying her motion.

¶ 23    Plaintiff, as the appellant here, had the burden of presenting a sufficiently complete record of the proceedings below to facilitate meaningful review of her claims.  See *In re Alexander R*., 377 Ill. App. 3d 553, 557 (2007); see also *Corral v. Mervis Industries, Inc.,* 217 Ill. 2d 144, 156 (2005); *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001); *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).  "[A] reviewing court is not simply a depository into which a party may dump the burden of argument and research."  *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56; accord *Petrik*, 2012 IL App (2d) 110495, ¶ 38 (citing *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23, and *Thrall*

*Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986)). "Reviewing courts will not search the record for purposes of finding error * * * when an appellant has made no good-faith effort to comply with the supreme court rules governing the contents of briefs." *Estate of Parker*, 2011 IL App (1st) 102871, ¶ 47; see also *People v. Universal Public Transportation, Inc.*, 2012 IL App (1st) 073303–B, ¶ 50 (it is "neither the function nor the obligation of the Appellate Court to act as an advocate or search the record for error"). Without an adequate record preserving the claimed error, a reviewing court must presume the trial court's order had a sufficient factual basis and that it conforms with the law. See *Corral*, 217 Ill. 2d at 157; *Illinois Neurospine Institute, P.C. v. Carson*, 2017 IL App (1st) 163386, ¶ 33 (quoting *People v. Carter*, 2015 IL 117709, ¶ 19); accord *In re Marriage of Gulla*, 234 Ill. 2d 414, 422 (2009) ("we cannot review the circuit court's finding * * * because there is no record to review the basis of the circuit court's finding").

¶ 24       Ultimately, then, even if we did not dismiss plaintiff's appeal based on her violations of Rule 341, we would be unable to address her claims because they are not supported by the record on appeal.

¶ 25                                   CONCLUSION

¶ 26       Accordingly, we exercise our discretion, grant defendants' open motion which was taken with the case, strike plaintiff's brief, and dismiss her appeal.

¶ 27       Appeal dismissed.